**ENTERED JS-6**

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
GUY GLASER (SBN 148674)
Special Assistant United States Attorney
  Room 7211, Federal Building
  300 North Los Angeles Street
  Los Angeles, California  90012
  Telephone:  (213) 894-2729
  Email: guyglaser@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. EDCV 07-00250 SGL (JCRx) |
| Plaintiff, | JUDGMENT AND ORDER OF SALE |
| vs. | Motion Hearing: |
| ZLATKO PETAK, WELLS FARGO BANK, N.A., as successor in interest to Accubanc Mortgage Corporation, STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, | Date: March 10, 2008<br>Time: 10:00 a.m.<br>Loct: Courtroom No. 1<br>      3470 12th Street<br>      Riverside, California |
| Defendants. | |

The motion of plaintiff, UNITED STATES OF AMERICA ("PLAINTIFF"), for entry of judgment in this case came on for hearing before the Court as noted above.  PLAINTIFF appeared through its counsel of record, Special Assistant United States Attorney Guy Glaser.  Defendants WELLS FARGO BANK, N.A. ("WELLS FARGO BANK") and STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT ("EDD") also appeared through counsel.  The Default of

U.S.A. v. Zlatko Petak, et al, Case No. EDCV 07-250 SGL (JCRx)
Judgment and Order of Sale

defendant PETAK has been filed by the Clerk of the Court.

Based on the complaint, the answers filed herein by defendants WELLS FARGO BANK and the EDD, the Default entered by the Clerk of this Court on June 11, 2007, as to defendant PETAK, the Stipulation as to the Priority of Competing Liens Between the United States of America and the State of California Employment Development Department, filed herein on September 25, 2007, the Stipulation for Non-Monetary Judgment as to Defendant Wells Fargo Bank, N.A., as Successor in Interest to Accubanc Mortgage Corporation, filed herein on October 2, 2007, the Stipulation as to the Priority of Competing Liens Against the Subject Property as Between the United States of America, Wells Fargo Bank, N.A., as Successor in Interest to Accubanc Mortgage Corporation, and State of California Employment Development Department, the Only Remaining Appearing Parties ("STIPULATION OF APPEARING PARTIES"), filed concurrently herewith, the oral presentations (if any) made by the appearing parties at the motion hearing, and on all matters that are properly part of the record in this matter, and good cause appearing therefore,

IT IS ORDERED, ADJUDGED, and DECREED:

1. That defendant PETAK is indebted to PLAINTIFF for federal income taxes, interest and penalties for the tax years 1994, 1995, 1998, and 1999, in the amounts of $83,297.33, $164,486.43, $4,103.99, and $20,203.00, respectively, plus additional penalties, interest and fees, accruing after October 15, 2007, compounded daily pursuant to 26 U.S.C. §§ 6601 and 6622 and 28 U.S.C. § 1961(c), until paid.

2. That PLAINTIFF shall have and recover judgement against defendant PETAK for the tax years 1998 and 1999, in the amounts of $4,103.99 and $20,203.00, respectively, plus penalties, interest, and other statutory additions to the tax accruing on such assessments after October 15, 2007, in accordance with applicable provisions of the Internal Revenue Code, Title 26, United States Code.

3. That defendant PETAK is the owner of the real property located at, and commonly referred to as, 14615 Fawnpath Road, Chino Hills, California (the "subject property"), which is legally described as follows:

> Lot 12 of Tract 13915-2, in the City of Chino Hills, County of San Bernardino, State of California, as per map recorded in book 226, pages 67 to 69, inclusive, of maps in the Office of the County Recorder of Said County.

4. That PLAINTIFF has valid and existing Federal tax liens to secure payment of the above-described unpaid federal income tax liabilities for the tax years 1994, 1995, 1998 and 1999, against the property interest of defendant PETAK in the subject property, and that such liens are hereby foreclosed against the subject property.

5. That defendant WELLS FARGO BANK has a mortgage lien secured by a Deed of Trust filed on the subject property. The mortgage lien secures a loan in the amount of $172,400.00 evidenced by a promissory note dated December 11, 1996. As of October 1, 2007, the total principal, interest and other amounts

due and owing to WELLS FARGO BANK under the promissory note secured by the Deed of Trust is $143,292.11.  Additional interest, fees and other contractual amounts (including, but not limited to, taxes, homeowner's insurance, attorney's fees and costs, and other costs) continue to accrue on the promissory note secured by the Deed of Trust after October 1, 2007.

    6.   That the EDD has State tax liens on the subject property for employment tax assessments made on: (1) November 22, 2000, (2) January 16, 2001, and (3) November 20, 2002.  As of October 31, 2007, the balances due to the EDD under these assessments are as follows:

| Tax Period/Year | Date of Assessment | Balance Due as of October 31, 2007 |
|---|---|---|
| Various[1] | November 22, 2000 | $   45,547.69 |
| Various[2] | January 16, 2001  | $ 1,795,188.00 |
| Various[3] | November 20, 2002 | $    3,228.78 |

Additional interest, fees and other penalties and statutory additions to the tax continue to accrue on the balances due after October 31, 2007.

    7.   That the Federal tax liens of PLAINTIFF, on behalf of the Internal Revenue Service ("IRS"), have the following priorities vis-a-vis the State tax liens of defendant EDD:

---

[1] This assessment covers unpaid employment taxes for the taxable quarters spanning September 30, 1997, through March 31, 2001.

[2] This assessment covers unpaid employment taxes for the taxable quarters spanning September 30, 1987, through June 30, 1997.

[3] This assessment covers unpaid employment taxes for the taxable quarters spanning June 30, 2001, through June 30, 2002.

U.S.A. v. Zlatko Petak, et al, Case No. EDCV 07-250 SGL (JCRx)
Judgment and Order of Sale

4

| Claimant | Year/Period | Assessment Date | Amount[4] |
|---|---|---|---|
| IRS | 1994 | February 3, 1997 | $ 83,297.33 |
| IRS | 1995 | February 3, 1997 | $ 164,486.43 |
| IRS | 1998 | November 15, 1999 | $ 4,103.99 |
| EDD | Various | November 22, 2000 | $ 45,547.69 |
| IRS | 1999 | December 11, 2000 | $ 20,203.00 |
| EDD | Various | January 16, 2001 | $ 1,795,188.00 |
| EDD | Various | November 20, 2002 | $ 3,228.78 |

8.   That WELLS FARGO BANK'S mortgage lien is superior to, and entitled to priority over, all of the Federal tax liens and the State tax liens.

9.   That the subject property is ordered to be sold by the Area Director of the IRS, Los Angeles, California Area (hereinafter "Area Director"), or his delegate, in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002.

10.  That any party to this proceeding or any person claiming an interest in the subject property may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a private sale of the subject property. Any such motion shall be filed within twenty (20) days of the date of this Judgment and shall set forth with particularity (1) the nature of the moving party's interest in the subject property, (b) the reasons why the moving party believes that a private sale would

---

[4] The amounts for the IRS represent balances due as of October 15, 2007 while the amounts for the EDD represent balances due as of October 31, 2007. Interest, statutory penalties and other fees continue to accrue on the balances due for both parties after these dates. Said accruals are entitled to the same priority as the underlying taxes.

U.S.A. v. Zlatko Petak, et al, Case No. EDCV 07-250 SGL (JCRx)
Judgment and Order of Sale

be in the best interests of the PLAINTIFF and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form or order stating the terms and conditions fo the private sale. Any such motion shall comply with Rule 7 of the Local Rules of the District Court for the Central District of California.

11. That the Area Director, or his delegate, is ordered to sell the subject property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title 28, United States Code, Sections 2001(a) and 2002. The property shall be sold at the Riverside County Courthouse, in Riverside, California, as follows:

    a. Notice of the sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Riverside County, California. Said notice shall describe the property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

    b. The terms and conditions of sale shall be as follows:

        A minimum bid determined by reference to the current fair market value shall be required. The minimum bid shall be 75% of the current fair market value as determined by an appraisal of the subject property by the Internal Revenue Service. The terms of

```
               sale as to all personal or parties bidding
               shall be cash.  The successful bidder shall
               be required to deposit with the Area
               Director, or his delegate, cash equal to
               twenty percent (20%) of the bidder's total
               bid immediately upon the property being
               struck off and awarded to such bidder as the
               highest and best bidder; and the remaining
               eighty percent (80%) of said purchase price
               is to be paid on, or before, 5:00 p.m.,
               within three (3) business days of the date of
               sale.  Should any person bid off the property
               at the sale by virtue of this JUDGMENT AND
               ORDER OF SALE, and fail to comply with the
               terms of the sale, such bidder shall be
               liable to the PLAINTIFF for twenty percent
               (20%) of the value of the property thus bid
               off as a penalty, and said deposit shall be
               paid over and delivered to the PLAINTIFF to
               be applied toward payment of said penalty,
               but payment of said penalty shall not be a
               credit on the judgment of the PLAINTIFF.
          c.   Upon selling the subject property, the Area
     Director, or his delegate, shall prepare and file with
     this Court an accounting and report of sale and shall
     give to the purchaser a Certificate of Sale containing
     the description of the property sold and the price
```

paid.  The accounting and report of sale shall be filed
within fifteen (15) days from the date of sale.  If no
objections to the sale are filed with the Clerk of the
Court within (30) days of the date of sale, the sale
shall be confirmed without necessity of motion, and the
Area Director, or his delegate, is directed by the
Clerk of the Court to execute and deliver the Deed to
the subject property to said purchaser.

   d.  Possession of the property sold shall be
yielded to the purchaser upon the production of the
Certificate of Sale and Deed; and, if there is a
refusal to so yield, a Writ of Assistance may, without
further notice, be issued by the Clerk of this Court to
compel delivery of the property sold to the purchaser.

   e.  The Area Director, or his delegate, shall
apply the proceeds of the sale in the following order
of priorities:

      (1)  First, to the costs of the sale;

      (2)  Second to WELLS FARGO BANK in the
   amount of $143,292.11, *plus* all additional
   amounts due to WELLS FARGO BANK, arising or
   accruing after October 1, 2007, consisting of
   all unpaid principal due to WELLS FARGO BANK
   under the note it holds which is secured by
   the subject property, all unpaid interest due
   as of the date of sale at the contractual
   (not default) fixed rate under the above-

|    |    |
|----|----|
| 1  | referenced note, and all attorney's fees and |
| 2  | costs, and other costs and advances, |
| 3  | including, but not limited to, prepayment |
| 4  | fees, taxes and homeowner's insurance, as |
| 5  | provided under the terms of the note and Deed |
| 6  | of Trust securing the note, <u>less</u> all payments |
| 7  | of principal, interest fees, costs, and |
| 8  | advances, including, but not limited to, |
| 9  | prepayment fees, taxes and homeowner's |
| 10 | insurance as provided under the terms of the |
| 11 | note and Deed of Trust securing the note, |
| 12 | made after September 30, 2007. |
| 13 | (3)  Third, to the PLAINTIFF, on behalf |
| 14 | of its agency the IRS, and the defendant EDD, |
| 15 | in the following amounts, and in accordance |
| 16 | with the following priorities, plus all |
| 17 | interest, penalties, and other statutory |
| 18 | additions to both the federal and California |
| 19 | state taxes accruing after October 15, 2007, |
| 20 | with respect to the federal taxes, and |
| 21 | October 31, 2007, with respect to the |
| 22 | California state taxes, through the date of |
| 23 | sale, with such payment to the IRS to be |
| 24 | applied in full satisfaction of the judgment |
| 25 | and liens of the United States of America as |
| 26 | set forth in paragraphs 2 and 4, above: |

<u>Claimant</u>      <u>Year/Period</u>      <u>Assessment Date</u>                <u>Amount</u>

U.S.A. v. Zlatko Petak, et al, Case No. EDCV 07-250 SGL (JCRx)
Judgment and Order of Sale

| | | | | |
|---|---|---|---|---|
| IRS | 1994 | February 3, 1997 | $ | 83,297.33 |
| IRS | 1995 | February 3, 1997 | $ | 164,486.43 |
| IRS | 1998 | November 15, 1999 | $ | 4,103.99 |
| EDD | Various | November 22, 2000 | $ | 45,547.69 |
| IRS | 1999 | December 11, 2000 | $ | 20,203.00 |
| EDD | Various | January 16, 2001 | $ | 1,795,188.00 |
| EDD | Various | November 20, 2002 | $ | 3,228.78 |

          (4) Fourth, if any surplus proceeds remain after such payments, such surplus proceeds shall be deposited into the registry of this Court, and, upon proper application, shall be paid over to defendant ZLATKO PETAK.

    12. The payment to WELLS FARGO BANK shall be in full settlement and satisfaction of any and all claims by WELLS FARGO BANK to the subject property and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

    13. That the Court hereby retains jurisdiction of this action for the purpose of making property distribution of any surplus of the proceeds of sale, pursuant to the Area Director's Accounting and Report of Sale.

    **IT IS SO ORDERED**.

Dated:_March 18, 2008_____

                                   STEPHEN G. LARSON
                                   United States District Judge

APPROVED AS TO FORM AND CONTENT BY:

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

_____         Date: _____
GUY GLASER
Special Assistant United States Attorney
Attorneys for United States of America


EDMUND G. BROWN, JR.
Attorney General of the State of California
W. DEAN FREEMAN
Supervising Deputy Attorney General


_____         Date: _____
PHILLIP C. GRIFFIN
Deputy Attorney General
Attorneys for Defendant
State of California
Employment Development Department


_____         Date: _____
GLENN H. WECHSLER, ESQ.
Attorney for Defendant
Wells Fargo Bank, N.A.

U.S.A. v. Zlatko Petak, et al, Case No. EDCV 07-250 SGL (JCRx)
Judgment and Order of Sale